# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 25-50117
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
March 25, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

PAUL LUJAN,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:25-CR-19-1

———————————————————————

Before ELROD, *Chief Judge,* HAYNES and DUNCAN, *Circuit Judges*
PER CURIAM:[*]

Paul Lujan appeals the district court's denial of his motion to revoke the magistrate judge's detention order. He argues that the district court abused its discretion in finding that the presumption of detention had not been rebutted. He also argues that the district court's alternative holding that, absent the presumption of detention, no conditions of release would

———————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-50117

reasonably assure the safety of others or his appearance, was clearly erroneous.

We will uphold a district court's pretrial detention order if it is supported by the proceedings below, a deferential standard of review that equates to an abuse of discretion standard. *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992). A judicial officer may order a defendant detained pending trial if he finds by a preponderance of the evidence that "no condition or combination of conditions will reasonably assure the appearance of the person," or by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community." 18 U.S.C. §§ 3142(e), (f)(2)(B). Due to the nature of Lujan's alleged offenses, a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community" applies to him. 18 U.S.C. § 3142(e)(3)(A).

The record evidence supports the district court's affirmance of the detention order. *See* 18 U.S.C. § 3142(g); *Rueben*, 974 F.2d at 586. Lujan has been charged pursuant to 21 U.S.C. §§ 841(a)(1), (b)(1)(C) with six counts of possession of cocaine with intent to distribute, and he faces very lengthy maximum sentences if convicted. The Government has substantial evidence against Lujan, including testimony that Lujan sold cocaine to confidential informants on six separate occasions. Furthermore, Lujan's criminal history includes a revocation of supervised release and a revocation of bail. Lastly, the record supports a finding of danger to the community as Lujan is charged with distributing cocaine. *See, e.g.*, *Rueben*, 974 F.2d at 586 (noting that the risk of continued trafficking of narcotics constitutes a risk to the community).

AFFIRMED.